IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LEON JACKSON RICE, JR.　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
ADC #98901

v.　　　　　　　　　　　　　　No. 4:11CV00088 JLH

G. BLANKENSHIP, Officer,
North Little Rock Police Department, *et al*.　　　　　　　　　　　　　　　　　　DEFENDANTS

## ORDER OF PARTIAL DISMISSAL

Plaintiff, Leon Jackson Rice, Jr., who is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court will: (1) dismiss Plaintiff's due process claim, without prejudice, because its fails to state a claim upon which relief may be granted; and (2) allow Plaintiff to proceed with his excessive force claim.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

　　　The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley*, 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

# I. Discussion

## A.  Plaintiff's Excessive Force Claim

On April 9, 2010, Plaintiff's vehicle was stopped by Defendants, North Little Rock Police Officers G. Blankenship, D. Haley, and T. Neff.  *See* docket entry #2.  During his subsequent arrest, Plaintiff alleges that Defendants used excessive force.  The Court concludes, *for screening purposes only*, that Plaintiff has stated a viable excessive force claim against these Defendants.

## B.  Plaintiff Due Process Claim

Plaintiff alleges that Defendants seized his wallet, containing $136 in cash, and a cell phone. *Id.*  According to Plaintiff, Defendants did not record the seizure of his personal property, and instead, kept it for their personal use. *Id.*

The United States Supreme Court has held that a prisoner cannot bring a § 1983 due process claim for a state actor's intentional or negligent loss of a prisoner's personal property if the State provides a post-deprivation remedy to address the property loss.  *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984).  In this case, Plaintiff has the adequate post-deprivation remedy of filing a conversation action against Defendants in state court.  *See Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision ) (holding that a detainee could not bring a § 1983 claim against county jail employees for seizure of personal property from his cell because he could bring a conversion action against them in state court); *Carniglia v. Dearmon*, Case No. 01-1852, 2001 WL 878347 (8th Cir. Aug. 6, 2001) (unpublished decision) (same); *Butler v. Smith*, Case No. 00-1331, 2000 WL 268505 (8th Cir. Mar. 13, 2000) (unpublished decision) (same).

Additionally, Plaintiff concedes that the North Little Rock Police Department investigated his claim and offered to pay him $135 for his allegedly confiscated property.  *See* docket entry #2.

Thus, he has failed to state a viable due process claim. Accordingly, his amended complaint naming Police Chief Danny E. Bradley as a defendant fails to state a claim for relief because the only allegation against Bradley is that he refused just compensation for Plaintiff's property. The amended complaint also names Lieutenant J. Kovach and Sergeant Robert Griffin but makes no allegations against them. Bradley, Kovach, and Griffin will therefore be dismissed.

## II. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's due process claim regarding the loss of his personal property is DISMISSED, WITHOUT PREJUDICE, because it fails to state a claim upon which relief may be granted. Plaintiff's claims against Danny E. Bradley, J. Kovach, and Robert Griffin are DISMISSED, WITHOUT PREJUDICE.

2. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this Order of Partial Dismissal would not be taken in good faith.

3. Plaintiff may PROCEED with his excessive force claim against Defendants.

4. The Clerk is directed to prepare a summons for Defendants Blankenship, Haley, and Neff, and the U.S. Marshal is directed to serve the Complaint and this Order on them without prepayment of costs or security therefor.[2]

DATED this 28th day of March, 2011.

_J. Leon Holmes_
UNITED STATES DISTRICT JUDGE

---

[2] If any of the Defendants are no longer North Little Rock employees, the individual responding to service shall file, with the return of unexecuted service, a **SEALED** Statement providing the last known private mailing address for the unserved Defendant.